Case 12-91626 Filed 07/31/12 Doc 33



*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re ) Case No. 12-91626-E-7
)
LC RAMON GUARY and )
ALICIA MARIE WILSON, )
)
        Debtor(s). )
_____ )

**This Memorandum Decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**

    LC Ramon Guary (a.k.a. Jamal R. Hassan, Raymond J. Wilson) and Alicia Marie Wilson (a.k.a. Sarah Alicia Marie Dibb) commenced this voluntary Chapter 7 case with the filing of their petition on June 7, 2012. At the time of filing the case the Debtors failed to file the following required Schedules and Statements:

    1.    Verification and Master Address List
    2.    Means Test – Form 22A
    3.    Schedule A – Real Property
    4.    Schedule B – Personal Property
    5.    Schedule C – Exempt Property
    6.    Schedule D – Secured Claims
    7.    Schedule E – Unsecured Priority Claims
    8.    Schedule F – Unsecured Nonpriority Claims
    9.    Schedule G – Executory Contracts
    10.   Schedule H – Codebtors
    11.   Schedule I – Current Income
    12.   Schedule J – Current Expenditures
    13.   Statement of Financial Affairs

        14.   Statistical Summary
        15.   Summary of Schedules.

Notice of Incomplete Filing, Dckt. 3.

The Debtors previously commenced a Chapter 7 case on February 28, 2012. EDC Bankr. Case No. 12-90540. That case was dismissed on March 20, 2012, due to the Debtors' failure to file the same documents which were not filed with the Petition in this case. Dckt. 3, 17, Case No. 12-90540. In the prior case filed in 2012, the Debtors requested that the court grant an extension of time for the filing of the missing documents beyond the automatic 14 days after the commencement of the case. The court denied the request, noting that the request was merely a generic demand for additional time without demonstrating any particular grounds why such documents were not prepared and timely filed. Further, the court noted that the Debtors have a history of filing many bankruptcy cases, have experience in filing bankruptcy cases, and LC Ramon Guary was ordered by another judge not to file bankruptcy cases during the Period of May 2010 through April 2011 pursuant to a complaint filed by the United States Trustee. Dckt. 15, Case No. 12-90540.

The Debtors have filed the following bankruptcy cases in the Eastern District of California:

| Case No. | Date Filed | Date Dismissed |
|---|---|---|
| 12-90540 (Joint) | February 28, 2012 (CH 7, Pro Se) | March 20, 2012 |
| 10-90896 (Guary Only) | March 12, 2010 (CH 13, Pro Se) | May 21, 2010 |
| 09-93846 (Joint) | November 24, 2009 (CH 13, Pro Se) | January 14, 2010 |

2

| 09-91538 (Joint) | May 27, 2009 (Ch 13, Pro Se) | July 12, 2009 |
| 08-90173 (Joint) | February 7, 2008 (CH 13, Pro Se) | March 24, 2008 |
| 07-91481 (Joint) | December 21, 2007 (CH 13, Pro Se) | January 29, 2008 |
| 07-91278 (Joint) | November 6, 2007 (CH 13, Pro Se) | December 27, 2007 |

The present Motion to Extend the Automatic Stay alleges that the prior case was dismissed due to the failure of the Debtors to timely file the documents in that case. Further, that the present case is being filed as a Chapter 7 liquidation. Therefore, the court should extend the automatic stay in this case.

As part of the 2005 amendments to the Bankruptcy Code, Congress built in an automatic termination of the automatic stay if the debtor had a prior bankruptcy case pending in the one year period preceding the then current bankruptcy case. The automatic stay terminates on the 30th day after the commencement of the second bankruptcy case. 11 U.S.C. § 362(c)(3)(A). A debtor (or other appropriate party in interest) may seek to have the stay extended, but to do so only if it is shown that the second case has been filed in good faith. 11 U.S.C. § 362(c)(3)(B). The filing of the second bankruptcy case is deemed presumptively to be not in good faith unless the debtor (moving party) by clear and convincing evidence can establish that the second filing is in good faith. 11 U.S.C. § 362(c)(3)(C).

///
///
///

3

1    The Debtors only argument is that since they want to proceed
2 with a Chapter 7 liquidation (as they attempted in Case No.
3 12-90540 this year), the stay should be extended. That is not
4 establishing by clear and convincing evidence good faith in the
5 filing of this case. The declarations filed in support of the
6 present motion merely state that "I was unable to file the
7 schedules without the proper information and evidence to complete
8 such schedules . . . " No testimony is provided as to what
9 information was missing and how it extended to virtually every
10 document to be filed with the Petition. This is the same type of
11 generic contention as made in the request for extension of time in
12 Case No. 12-90540 which was denied by the court.
13    It is also significant that the Debtors have been working on
14 having this information since at least February 28, 2012, when they
15 filed Case No. 12-90540. (This presumes that the Debtors had not
16 been planning the earlier filing prior to the date the petition in
17 that case was filed with the court.) Even using February 28, 2012,
18 the Debtors had 100 days to obtain the information and prepare the
19 Schedules and Statement of Financial Affairs in preparation for the
20 June 7, 2012 filing of the present case. Given the multiple
21 bankruptcy cases filed by the Debtors during the period of November
22 2007 through June 2012, the Debtors actually had years to obtain,
23 organize, and present this basic information available with the
24 filing of the bankruptcy petition.
25    The Debtors have not established by clear and convincing
26 evidence that the present bankruptcy case was filed in good faith.
27 Interestingly, on June 21, 2012, the Debtors did file Schedules and
28 the Statement of Financial Affairs. Dckt. 23. Schedule A lists

no real property owned by the Debtors, and Schedule B lists $19,935.00 of personal property (of which $12,395.00 is household goods, $2,200.00 clothing, $1,200.00 jewelry/fur coat, and $2,000.00 for a 2001 Buick Park Avenue). No secured claims are listed on Schedule D, $64,133.56 is listed for 2005-2007 tax claims on Schedule E, and $28,784.02 is listed for general unsecured claims on Schedule F. There is nothing on these Schedules or the Statement of Financial Affairs to indicate such complexity of information that they could not have been prepared for the prior case in 2012 or in the 100 days leading up to the present case. From reviewing the Schedules, the court cannot identify what acts or actions the Debtors would be seeking to stop with the automatic stay. They own no property, no pending foreclosures or repossession are in process disclosed, and no pending lawsuits are listed. It appears that even without the automatic stay, the Debtors diligently prosecuting the case can quickly obtain their discharge and the corresponding discharge injunction, permanently protecting them from enforcement of pre-petition claims.

Further, for Debtors who profess that they are attempting to prosecute this case in good faith, the Trustee's report from the July 26, 2012 First Meeting of Creditors states that the Debtors did not appear at the appointed time. July 26, 2012 docket entry. No explanation as to the failure to appear is provided in the Trustee's entry.

The Debtors have not met their burden under 11 U.S.C. § 362(c)(3)(B) and the Motion is denied. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52

1  and Federal Rules of Bankruptcy Procedure 7052, 9014.   The court
2  shall issue a separate order consistent with this Decision.
3  Dated: July 30, 2012                    By the Court

                                         *signature*
                                         Ronald H. Sargis, Judge
                                         United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Gary Farrar
PO Box 576097
Modesto, CA 95357

LC Ramon Guary
3040 Astoria Ct
Ceres, CA 95307

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814

Alicia Wilson
3040 Astoria Ct
Ceres, CA 95307